**UNITED STATES of America,
Plaintiff,**

v.

**MIDWEST RADIO–TELEVISION, INC.,
Licensee of Station WCCO–TV, Min-
neapolis, Minnesota, Defendant.**

**No. 4–64 Civil 126.**

United States District Court
D. Minnesota,
Fourth Division.

Jan. 21, 1966.

John W. Douglas, Asst. Atty. Gen.,
Harland F. Leathers, William E. Nelson,
Attorneys, Dept. of Justice, Washington,
D. C., Henry Geller, Deputy General
Counsel, John C. Harrington, Asst. Gen-
eral Counsel, Barbara B. O'Malley, Attor-
ney, Federal Communications Commis-
sion, Washington, D. C., of counsel, for
plaintiff.

Oppenheimer, Hodgson, Brown, Wolff
& Leach, David C. Donnelly, John Rob-
ertson, St. Paul, Minn., for defendant.

DEVITT, Chief Judge.

The above-entitled action, consolidated
for trial with two companion cases, No.
4–64 Civil 124 and No. 4–64 Civil 125,
came on for trial before the undersigned
without a jury on the 17th day of Janu-
ary, 1966, and was tried on that day and
on the following day. William E. Nelson,
Esq., and Leslie A. Nicholson, Esq., at-
torneys, Department of Justice, appeared
for plaintiff. Oppenheimer, Hodgson,
Brown, Wolff & Leach by John G. Rob-
ertson, Esq., appeared for defendant.
The Court, having heard the testimony
of the witnesses, examined the exhibits,
heard the arguments of counsel, and upon
all the files, records and proceedings
herein, finds as fact, states as conclu-
sions, and directs the entry of the ap-
propriate judgment, as follows:

## FINDINGS OF FACT

1. Plaintiff, United States of Ameri-
ca, brings this action pursuant to Chap-
ter 5, Wire or Radio Communication, 47
U.S.C. § 151 et seq. for the recovery of
forfeitures as provided in Section 503
(b) (1) (B).

2. Defendant is an operator and li-
censee of a radio broadcasting station
within the meaning of said Chapter 5,
transmitting by television to the public.

3. On or about February 21, 1962,
Willis & Borg Advertising Agency, rep-
resenting the Downtown Council of Min-
neapolis, an organization of Minneapolis
businessmen, made arrangements to
broadcast a one-minute spot commercial
announcement over the television facili-
ties of defendant.

4. On February 21, Willis & Borg
Advertising Agency requested that de-

fendant produce a videotape recording of the one-minute commercial announcement consisting of a statement by Mr. Arthur Upgren urging support of the Minneapolis aldermen who had voted in favor of a Sunday closing ordinance which had recently been vetoed by the Minneapolis Mayor. On February 21, 1962, defendant, pursuant to such request, produced a master videotape recording, including two separate one-minute statements by Mr. Upgren, and further produced a duplicate videotape recording for Hubbard Broadcasting, Inc., the licensee of Station KSTP-TV, on February 21, and a second duplicate videotape recording for United Television Inc., the licensee of Station KMSP-TV, on the afternoon of February 22, 1962.

5. On February 22, 1962, one of Mr. Upgren's statements as recorded on videotape was broadcast by defendant as a one-minute spot announcement at 10:33 p. m. and 11:10 p. m.

6. The videotape recording and the broadcast thereof had been sponsored and was later paid for by the Downtown Council, but no sponsor identification was included on the announcements broadcast by defendant. Failure to include the sponsor identification constituted a failure to observe the literal provisions of 47 U.S.C. § 317(a) (1) and of Section 73.654(a) of the Rules and Regulations of the Federal Communications Commission.

7. Defendant and its agents and employees having any responsibility for or connection with the matter at all times prior to the broadcasts assumed that said videotape recording had sponsor identification, and had no knowledge or notice of failure of sponsor identification until after the broadcasts were completed on the evening of February 22, 1962.

8. Defendant at all times operated its station in a careful and prudent manner under the circumstances existing, and exercised due care and reasonable diligence to prevent the broadcasting of commercial announcements without proper sponsor identification; it appears that defendant had broadcast in the neighborhood of one and one-half million commercial announcements prior to the occurrence of February 22, 1962 without any evidence of failure of sponsor identification.

9. Among the circumstances considered by the Court in testing and appraising defendant's reasonable diligence and regard for its duties are the following:

(a) The Downtown Council was an established and reputable advertiser which had customarily advertised subjects whose texts constituted inherent sponsor identification.

(b) Willis & Borg Advertising Agency was an established and responsible advertising agency which had customarily in the past prepared scripts for its clients which contained sponsor identification.

(c) Mr. Upgren in the production of the videotape involved herein was allowed, at his request, to write his own script.

(d) The entire production and broadcast of the announcement was done under conditions of extreme urgency and haste.

(e) Defendant did not at any time intend to broadcast the announcement without sponsor identification, nor to evade the provisions of the statute and Rule cited in paragraph 6 of these Findings, and defendant had no knowledge that the sponsor identification had been omitted until after the broadcasts were completed.

10. Defendant's failure to observe the literal provisions of the cited statute and Rule was an accidental inadvertence, and was unwitting, due to a good faith mistake of fact, and was neither intentional, nor knowing, nor purposeful, nor voluntary, nor negligent, nor due to any culpable disregard of its duties.

### CONCLUSIONS OF LAW

1. Defendant did not willfully or repeatedly fail to observe any of the pro-

visions of the Wire or Radio Communication chapter, Chapter 5, 47 U.S.C. § 151 et seq., or of any rule or regulation of the Federal Communications Commission prescribed under authority of said chapter or under authority of any treaty ratified by the United States.

2. Plaintiff has failed to sustain its burden of proving that defendant is liable to plaintiff in accordance with its Complaint herein.

## ORDER FOR JUDGMENT

Let judgment be entered for defendant in accordance herewith.